# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIN D. SCHWEITZER,

                    Plaintiff,

v.                                                          Case No. 23-CV-1381-JPS

U.S. MARSHAL SERVICE, BROWN
COUNTY JAIL, MEDICAL STAFF AT                               **ORDER**
BROWN COUNTY JAIL, and
FEDERAL INMATE CUSTODY
STAFF,

                    Defendants.


Plaintiff Erin D. Schweitzer, an inmate confined at Pekin Federal Correctional Institution, filed a pro se complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging that Defendants violated her constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion to proceed without prepayment of the filing and screens her complaint.

## 1.   MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when she filed her complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with her case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She must then pay the balance of the $350 filing fee over time, through deductions from her prisoner account. *Id.*

On November 6, 2023, Judge William C Griesbach ordered Plaintiff to pay an initial partial filing fee of $75.77. ECF No. 11. Plaintiff paid that fee on November 29, 2023. The case was then assigned to this branch of the court on December 5, 2023. ECF No. 12. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. She must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

Case 1:23-cv-01381-JPS    Filed 12/08/23    Page 2 of 8    Document 13

a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Analysis

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting her claims; she only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so

long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

The Court finds that Plaintiff's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be dismissed with leave to amend. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Instead, Plaintiff attaches to her complaint an "outline of events" based on information she received from her mother via telephone calls and emails. ECF No. 1-1. The outline is overly detailed and appears to include nearly every interaction and every impression Plaintiff had during a two-week period. Plaintiff also attaches about fifty pages of supporting documents, including copies of her prisoner trust account statement and medical records. It is impossible to assess who she wants to sue or on what basis she believes a particular person violated her constitutional rights. As such, the Court finds that the complaint fails to comply with Rule 8(a)(2). Therefore, the Court will dismiss the complaint. If Plaintiff wishes to proceed, she must file an amended complaint curing the deficiencies in the complaint as described herein. An amended complaint must be filed on or before **December 29, 2023**. Failure to file an amended complaint within this time period may result in dismissal of this action without further notice.

When writing her amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated her constitutional rights?; (2) What did each person do to violate her rights?; (3) Where did each person violate her rights?; and (4) When did each person violate her rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it

does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate her rights.

The Court also cautions Plaintiff of her obligation to comply with Federal Rules of Civil Procedure 18 and 20 when amending her complaint. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of her amended complaint. She should use the spaces on pages two and three to allege the key facts that give rise to the claims she wishes to bring, and to describe which defendants she believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances,

the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

**3. CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **December 29, 2023**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on her failure to state a claim in her original complaint and will issue her a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from her institution trust account the $274.23 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the

case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with her remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.