# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ERIN D. SCHWEITZER,

                    Plaintiff,

v.                                                              Case No. 23-CV-1381-JPS

U.S. MARSHAL SERVICE, BROWN
COUNTY JAIL, and VITAL CORE                          **ORDER**
HEALTH STRATEGIES,

                    Defendants.

Plaintiff Erin D. Schweitzer, an inmate confined at Pekin Federal Correctional Institution, filed a pro se complaint under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), alleging that her constitutional rights were violated. ECF No. 1. On December 8, 2023, the Court screened Plaintiff's complaint, found that it violated Federal Rule of Civil Procedure 8, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 13. On December 27, 2023, Plaintiff filed an amended complaint. ECF No. 14. This Order screens Plaintiff's amended complaint.

## 1.      FEDERAL SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.     **PLAINTIFF'S ALLEGATIONS**

Plaintiff suffered irreprehensible and life-threatening injuries due to medical negligence, and cruel and unusual punishment by Defendants Brown County Jail and Vital Core Strategies, a medical group contracted through the jail, from January 13, 2023 through March 21, 2023. ECF No. 14 at 3. Plaintiff was transferred to another holding facility in Juneau, WI by

Defendants US Marshals. *Id.* Plaintiff expressed extreme concern to the court and Marshals during a final pretrial hearing on January 17, 2023 through her attorney Thomas Erickson about harsh conditions, medical negligence, and unnecessary punishments during a progressively worsening infection. *Id.* at 3–4. Plaintiff was ultimately found unresponsive twelve hours later and was transported by ambulance to a hospital. *Id.* at 4.

Plaintiff wrote and verbally expressed concern of needed medical attention during hourly walk-throughs to every correctional officer at Brown County Jail from January 13, 2023 to January 28, 2023. *Id.* Plaintiff was not provided adequate medical care or given appropriate first aid supplies or wound care by Vital Core Strategics from January 13, 2023 to March 21, 2023. *Id.* at 4–5. Plaintiff expressed concern of an allergic reaction to medication to Brown County Jail officers on the speaker and in person, as well as sending electronic messages to health services on January 19, 2023 to January 25, 2023. *Id.* at 5. Plaintiff was denied a legal call and her attorney lied about her mental state. *Id.* On January 19, 2023, Plaintiff was placed on punitive segregation after a loss of consciousness and explaining to Vital Core Strategies her concerns and symptoms of an allergic reaction. *Id.*

### 3. ANALYSIS

Plaintiff alleges that she was a pretrial detainee during the relevant time period. A § 1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 346–47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. *Id.* The plaintiff bears the burden to demonstrate objective unreasonableness, and she must make

a two-part showing. *Id.* First, she must show that the defendants acted purposefully, knowingly, or recklessly when considering the consequences of their response to the medical condition at issue in the case. *Id.* (citing *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. *Id.*

Here, the Court finds that Plaintiff's allegations are too vague to proceed on a Fourteenth Amendment claim for inadequate medical treatment. Plaintiff makes conclusory statements about not receiving adequate medical attention, but she does not include any facts about her underlying condition or why she needed medical attention. Although Plaintiff references becoming unconscious at some point, Plaintiff's allegations do not provide the Court with sufficient information about what any defendants knew about Plaintiff's condition. Therefore, the Court will dismiss the amended complaint but will provide Plaintiff another opportunity to amend her complaint. In order to proceed, Plaintiff must provide the Court with information regarding her need for medical treatment, why she needed treatment, when she asked for medical treatment, and who she asked. If Plaintiff wishes to proceed, she must file a second amended complaint curing the deficiencies in the amended complaint as described herein. A second amended complaint must be filed on or before **January 23, 2024**. Failure to file an amended complaint within this time period may result in dismissal of this action without further notice.

When writing her second amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated her constitutional rights?; (2) What did each person do to violate her rights?; (3) Where did each person violate her rights?; and

(4) When did each person violate her rights? Plaintiff's second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate her rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of her second amended complaint. She should use the spaces on pages two and three to allege the key facts that give rise to the claims she wishes to bring, and to describe which defendants she believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If a second amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

**4.      CONCLUSION**

Accordingly,

**IT IS ORDERED** that that the amended complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint that complies with the instructions in this Order on or before **January 23, 2024**. If Plaintiff files a second amended complaint by the deadline, the Court will screen that complaint under 28 U.S.C. § 1915A. If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case based on her failure to state a claim in her amended complaint and will issue her a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 2nd day of January, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

<div style="border:1px solid red;">

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

</div>

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.