# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERIN D. SCHWEITZER,<br><br>                    Plaintiff,<br>v.<br><br>U.S. MARSHAL SERVICE, BROWN COUNTY JAIL, and VITAL CORE HEALTH STRATEGIES,<br><br>                    Defendants. | Case No. 23-CV-1381-JPS<br><br>**ORDER** |

Plaintiff Erin D. Schweitzer, an inmate confined at Pekin Federal Correctional Institution, filed a pro se complaint under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), alleging that her constitutional rights were violated. ECF No. 1. On December 8, 2023, the Court screened Plaintiff's complaint, found that it violated Federal Rule of Civil Procedure 8, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 13. On December 27, 2023, Plaintiff filed an amended complaint. ECF No. 14. On January 2, 2024, the Court screened Plaintiff's amended complaint, found that it failed to state a claim, and again provided Plaintiff the opportunity to file an amended complaint. ECF No. 15. Plaintiff filed a second amended complaint on January 30, 2024. ECF No. 16. The remainder of this order screens Plaintiff's second amended complaint and addresses her motion to appoint counsel, ECF No. 4.

1. **SCREENING THE SECOND AMENDED COMPLAINT**

    1.1 **Federal Screening Standard**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints

liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff names Defendants U.S. Marshal Service, Brown County Jail, and Vital Core Health Strategies. ECF No. 16 at 1. Plaintiff was housed in the Brown County Jail ("BCJ") at all times relevant to the complaint. ECF No. 16 at 8. Vital Core Health Strategies is contracted for services at BCJ. *Id.* at 7. On January 17, 2023, Defendants U.S. Marshals were responsible for the safe transport of Plaintiff after court proceedings. *Id.* at 8. From January 13, 2023 until March 21, 2023, the employees of BCJ failed to provide Plaintiff adequate medical care in a timely manner. *Id.* at 8–9. Plaintiff was found unresponsive and was transported to the emergency room at Aurora Bay Care Medical for the treatment of a serious condition that resulted in substantial harm, pain, suffering, physical injury and disfigurement, and emotional stress. *Id.* at 9.

At some point in the evening of January 18, 2023, Vital Health Care employees were made aware that Plaintiff was having an allergic reaction to medication. *Id.* at 10. The employees were aware of the situation from Plaintiff's verbal and electronic medical requests. *Id.* at 9–10. Plaintiff was given Benadryl for her condition instead of changing the antibiotic. *Id.* at 10. During the morning med-pass on January 19, 2023, Plaintiff suffered disciplinary bunk confinement when she explained and questioned the continued use of the antibiotic with Benadryl. *Id.* Plaintiff explained that she had a rash, her legs were extremely swollen, the pain had worsened, and she required a size 4X in order to get pants over the swelling. *Id.* at 10–11.

Plaintiff sent a medical request and grievance, begging for medical treatment for a severe infection that was getting worse. *Id.* She explained that the wound area had nearly tripled in size and there was swelling and redness. *Id.* at 11. Plaintiff also indicated she was having sharp, radiating, throbbing, and pulsating pains throughout her entire leg and into her buttocks and pelvic area. *Id.* Plaintiff also indicated that her femoral glands were swollen and sensitive to touch and that both arms/hands were going numb and tingling. *Id.* Finally, Plaintiff provided that she was having chest pains, was lightheaded, and had blurry vision with bright flashes. *Id.*

Later that day, Plaintiff was called to HSU for evaluation. *Id.* Plaintiff heard two nurses, Alesha Kolata and Jessica Dominguez, say that they needed to hurry and up see her because Plaintiff had a call from her federal attorney. *Id.* at 11–12. When Plaintiff entered an exam room, she was told there was nothing wrong with her and they ripped off a make-shift bandage. *Id.* at 12. They proceeded to draw a circle around the inflamed area with a permanent maker, without sterilizing or washing the area or adequately assessing the infection. *Id.* They re-applied the same dirty bandage. *Id.*

Later that day, Plaintiff was being escorted from HSU to her housing pod by an unknown correctional officer. *Id.* She tried to explain that she was light-headed, dizzy, and seeing spots. *Id.* She was directed to hold the officer's arm for assistance, but she was unable to make it back to her pod. *Id.* Plaintiff woke up in punitive segregation for medical observation later that evening. *Id.* Plaintiff was not rendered even a minimal amount of medical treatment while she was in "med obs" from January 19, 2023 until January 25, 2023, when she requested to return to general population. *Id.* at 12–13. Plaintiff wanted to return to general population where there was at

least someone to buzz for an emergency. *Id.* at 13. Plaintiff knew she was having an allergic reaction that was getting visibly worse. *Id.* Plaintiff was told to "put it on the tablet" by correctional officers. *Id.* Staff continued trying to give Plaintiff the same antibiotic she was reacting poorly to twice a day. *Id.* Plaintiff explained that she was not comfortable taking that drug, but she was put on "refusal" instead of receiving a more appropriate and effective medicine. *Id.*

### 1.3 Analysis

Plaintiff alleges that she was a pretrial detainee during the relevant time period. A § 1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 346–47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. *Id.* The plaintiff bears the burden to demonstrate objective unreasonableness, and she must make a two-part showing. *Id.* First, she must show that the defendants acted purposefully, knowingly, or recklessly when considering the consequences of their response to the medical condition at issue in the case. *Id.* (citing *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. *Id.*

Here, the Court finds that Plaintiff's allegations are sufficient to proceed a on Fourteenth Amendment medical claim. Plaintiff's allegations show that she was suffering a serious allergic reaction to her medication and that staff failed to adequately treat her. However, Plaintiff may not proceed against the three named defendants, U.S. Marshals, Brown County

Jail, and Vital Core Health. Plaintiff does not include any facts suggesting that the U.S. Marshals involved in her transfer had any knowledge of or involvement in her medical issues. For an official to be personally liable, he or she must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted).

As to the jail facility, a jail is not a 'person' for the purposes of § 1983 and therefore not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, [Plaintiff] named a non-suable entity."). Finally, as to Vital Core Health Strategy, Plaintiff does not allege any violation of a policy, practice or custom to sustain a *Monell* claim against this defendant. In a case against a private contractor that provides healthcare to incarcerated people, the "critical question" for liability is "whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). As such, the Court will dismiss these defendants for the failure to state a claim against them.

Because Plaintiff does not name of any of the jail staff as defendants, the Court will add the Brown County Sheriff—Todd J. Delain—as a defendant for the limited purpose of helping Plaintiff identify the names of those employees. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556

Page 6 of 12
Case 1:23-cv-01381-JPS    Filed 04/24/24    Page 6 of 12    Document 17

(7th Cir. 1996).[1] For now, Plaintiff may proceed against Doe defendants and must identify these employees later by name and identify specifically what each person did or did not do in relation to her medical treatment. Sheriff Delain does not have to respond to the second amended complaint. After Sheriff Delain's attorney files an appearance in this case, Plaintiff may serve discovery upon Sheriff Delain (by mailing it to his attorney at the address in his notice of appearance) to get information that will help her identify the names of the Doe defendants.

For example, Plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Plaintiff does not yet state a claim against Sheriff Delain, Plaintiff's discovery requests must be limited to information or documents that will help Plaintiff learn the real names of the Doe defendants she is suing. Plaintiff may not ask Sheriff Delain about any other topic, and Sheriff Delain is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the individuals that she alleges violated her constitutional rights, she must file a notice identifying their real names. The Court will dismiss Sheriff Delain as a defendant once Plaintiff identifies the Doe defendants' names, unless Plaintiff provides additional information that Sheriff Delain was personally involved in denying her

---

[1] The Court notes that Plaintiff does indicate various names of employees in the body of the second amended complaint. ECF No. 16 at 7–8. However, because Plaintiff does not name them as defendants and because she does not identity what each of these employees did or did not do, the Court will not allow Plaintiff to proceed against these employees yet. Instead, it will allow Plaintiff to conduct discovery through the Brown County Sheriff to identify the responsible parties going forward.

medical treatment. After those defendants have an opportunity to respond to Plaintiff's second amended complaint, the Court will issue a scheduling order for the remainder of the case.

Plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Delain's attorney appearing. If she does not or does not explain to the Court why she is unable to do so, the Court may dismiss her case based on the failure to follow the Court's order.

**2. MOTION TO APPOINT COUNSEL**

The Court will deny Plaintiff's motion to appoint counsel, ECF No. 4, without prejudice. As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) she has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

The first element of *Pruitt* is fairly easy to satisfy, but it is not toothless, and it is not a mere technical condition of submitting a certain number of rejection letters. If it was, then a Wisconsin prisoner litigating a § 1983 action could submit rejection letters from ten randomly selected criminal defense lawyers from Nevada and call his work complete. This cannot be. The purpose of the reasonable-efforts requirement is to ensure that if a court and private lawyers must expend scarce resources to provide

counsel for a prisoner, she has at least made a good-faith effort to avoid those costs by getting a lawyer herself. To fulfill this duty, a pro se prisoner should reach out to lawyers whose areas of practice suggest that they might consider taking her case. If she learns that some of the lawyers she has contacted do not, she should reach out to others before she concludes that no one will help her.

Here, Plaintiff has submitted no evidence that she contacted attorneys to represent her in the matter. ECF No. 4 Plaintiff includes no documentation of any such requests, nor does she list any attorneys she contacted. *Id.* As such, the Court finds that Plaintiff has failed to satisfy the first *Pruitt* factor and her motion will therefore be denied without prejudice. Plaintiff may renew her request, if needed, and cure the deficiencies identified in this Order. The Court cautions Plaintiff that in order to succeed on a motion to appoint counsel in the future, she must explain to the Court the specific reasons that she needs appointed counsel; her status as an incarcerated prisoner alone is insufficient to meet the standard necessary to appoint counsel.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment medical treatment claim against Doe defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 4, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants U.S. Marshals, Brown County Jail, and Vital Core Health Strategies be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Sheriff Todd J. Delain be added as a defendant for the limited purpose of helping Plaintiff identify the names of the Doe defendants;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the second amended complaint and this Order upon Defendant **Sheriff Todd J. Delain** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Sheriff Delain does not have to respond to Plaintiff's second amended complaint; however, he must respond to any discovery requests as described in this Order;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the second amended complaint, and Plaintiff should strongly consider filing a third amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss.

Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that she must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or she may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

<div style="color:red">

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

</div>

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.