UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERIN D. SCHWEITZER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TODD J. DELAIN and JOHN/JANE DOES,<br><br>　　　　　　　Defendants. | Case No. 23-CV-1381-JPS<br><br>**ORDER** |

　　　　Plaintiff Erin D. Schweitzer, an inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Brown County Jail officials violated her constitutional rights. ECF No. 1. On April 24, 2024, the Court screened Plaintiff's second amended complaint and allowed her to proceed on a Fourteenth Amendment medical claim against Doe defendants. ECF No. 17 at 9. In that order, the Court added Sheriff Todd J. Delain as a defendant for the purposes of identifying the Doe defendants. After extensions, Plaintiff filed a response identifying the Doe defendants. ECF No. 24.

　　　　On November 13, 2024, the Court entered an order requiring Plaintiff to provide more information regarding the Does before being able to proceed. ECF No. 25. The Court noted that Plaintiff provided only the names of sixteen individuals who worked at the facility and that she did not make any factual allegations against any defendant or how they denied her medical care. *See id.* As such, the Court provided Plaintiff an additional opportunity to identify the Doe defendants and specifically how they were involved in her medical care. *Id.* The Court ordered Plaintiff to provide the requested information on or before December 5, 2024. *Id.* The Court warned

Plaintiff that the failure to respond would result in the case being dismissed without prejudice and without further notice. *Id.* On December 20, 2024, the Court dismissed the case without prejudice for Plaintiff's failure to prosecute and entered judgment accordingly. ECF Nos. 26, 27. Pending before the Court is Plaintiff's motion for reconsideration. ECF No. 29. Defendants filed a brief in opposition on January 23, 2025. Plaintiff did not file a reply brief.

The Court will deny Plaintiff's motion for reconsideration. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" her right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize

Page 2 of 3
Case 1:23-cv-01381-JPS    Filed 03/25/25    Page 2 of 3    Document 33

controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Plaintiff's motion does not meet the high burden necessary to succeed. Plaintiff provides that she tried to comply with the Court's deadline to identify the Doe defendants but that her initial mailing was returned to her after the deadline. ECF No. 29. The Court is sympathetic to Plaintiff's position; however, the deadline to identify the Does was initially July 1, 2024, and the Court gave Plaintiff significant additional time to comply with her obligation. As such, the Court is obliged to deny Plaintiff's motion for reconsideration. The Court notes that the case was dismissed without prejudice and Plaintiff is free to pursue her claims in a new case if applicable.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, ECF No. 29, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge